Maxie M. Hillhouse,

*v.*

A. V. McDowell.

410 S.W.2d 162.

(*Jackson,* April Term, 1966.)

Opinion filed December 9, 1966.

W. V. Doran, of counsel, Doran & Tucker, Memphis. for plaintiff in error.

Leo Bearman, Sr., and Leo Bearman, Jr., Memphis, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The plaintiff in error filed a suit against the defendant in error, a duly licensed attorney of the Shelby County Bar, for his failure to prosecute a suit for malpractice against a certain doctor and a hospital in Memphis. The declaration was duly amended and a demurrer was filed to both the original and amended declarations, which the trial judge sustained. The ground of the demurrer was that the statute of limitations of one (1) year had run against the claim of the plaintiff in error against the defendant in error. Thus it is, that the sole issue here is, does the one year personal injury statute of limitations apply, in a suit sounding in contract against an attorney at law for his failure to institute a personal injury action in time, where the plaintiff in the suit against the attorney

does not allege in his declaration that the attorney, defendant in error, caused the injuries to the person of plaintiff.

The declaration alleges that plaintiff in error had a cause of action for personal injuries against a doctor and hospital in Memphis and that this suit was turned over to the defendant in error on or about April 1, 1963. It is alleged that this doctor and hospital on or about September 1, 1962, were operating on plaintiff in error and negligently left a surgical needle in the incision thereby causing the plaintiff in error physical pain, suffering, injury and damage. It is further alleged that after this defendant in error was employed to institute this action for the plaintiff in error that nothing was done by the defendant in error until January 23, 1964, when he filed a summons and later a declaration; and that this action came on to be heard in September, 1965, and the suit of the plaintiff in error against the doctor and hospital was dismissed on the ground that the one year statute of limitations had run. It was after this that plaintiff in error brought the present action against the defendant in error, the attorney, on January 21, 1966, alleging the above and demanding a recovery in the amount of $20,000.00.

Reading the declaration as a whole, even though the arrival of the question of damages is based upon the malpractice of the doctor and the hospital, it is clear to us that the action is based on the contract that the plaintiff in error had with the attorney to institute this action, which he failed to do before the statute of limitations of one year had run on such action. Certain parts of the declaration in effect sound in tort, but these are negative in effect because there is nothing in the declaration to

allege that the defendant in error caused or inflicted upon the plaintiff in error personal or bodily injuries, but that the injuries to the plaintiff in error are due to the negligence of the defendant in error in failing to institute this action within the statutory period. It seems to us that the allegations about the personal injuries which it is claimed this doctor and hospital inflicted upon the plaintiff in error are stated to show what damages the plaintiff in error has received, and they in no way allege that the plaintiff in error was damaged personally, or any injuries done to his person, by the defendant in error, and the whole reason for the lawsuit is the failure of the defendant in error to carry out his duties as an employed lawyer to file this action for these damages.

It seems to us that his declaration really is stating that the defendant in error caused the plaintiff in error a financial loss for negligently failing to do his duty as a lawyer and file this action within time. This action here is not for personal injuries or bodily injuries.

The trial judge in sustaining the demurrer herein largely based his opinion upon our case of *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377, 49 A.L.R.2d 1212, wherein he interpreted the *Bland* opinion as holding that whether or not a suit is for personal injuries or contract the court must look to the declaration to determine the real purpose of the lawsuit, and that in determining this the court must look to the basis for which damages are sought. We have no fault to find with such a holding, but feel that in so determining the matter under the allegations of this declaration the trial court has wholly overlooked the fact that this is an independent suit based against one for failure to carry out his contractual duties and not against one for doing some wrong to the person

suing for his bodily injuries. *Bland v. Smith,* supra, is based upon the Court's findings that the declaration in that case alleged facts showing a breach of contract with consequential injuries to the party's person, and in such a situation the action is one for personal injuries, and if the declaration discloses that this is true the one year period of the applicable statute of limitations has expired and then the declaration is demurrable.

The one year statute of limitations, of course, is set out in T.C.A. sec. 28-304. In arriving at his conclusion in *Bland v. Smith,* supra, we said that upon a reading of the declaration we were lead to the conclusion that the plaintiff not only based his action upon tort but also upon injuries to his person and therefore this one year statute applied. In arriving at this we noted that the six year statute (T.C.A. sec. 28-309), which applied for breach of action of contracts, was applicable only where the recovery sought was based upon a contract and no element of personal injury, and that in this *Bland* case it was obvious that the plaintiff was seeking punitive damages as well as compensatory damages and that in this State as a general rule punitive damages were allowed only in tort actions involving fraud, malice, or gross negligence and not in actions of breach of contract. We cite this to show the Court's feeling in so deciding the *Bland* lawsuit.

Among other cases cited in the *Bland* case is that of *Bodne v. Austin,* 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410. This case, that is *Bodne v. Austin,* was the first in this State to determine the question that was decided in the *Bland* lawsuit that you must look to the declaration to determine the real purpose of the lawsuit. We in making a study of the briefs and reading the various authorities

cited and making an independent search thereof, and in reading the declaration herein are trying to apply this principle.

In *Bland* as in the *Bodne* case, our case of *Bruce v. Baxter,* 75 Tenn. 477, was cited and distinguished. The *Bland* case made the same distinction as was made in the *Bodne* case. It was said there that the *Baxter* lawsuit was a suit involving the breach of an attorney's contract to make certain collections wherein the Court held that the six year statute of limitations dealing with actions on contracts was held applicable, and in making this distinction it was said that the *Baxter* case was based purely upon a contract and did not involve the element of injury to the person. This was true. In the *Baxter* case though this very pertinent language is used by Freeman, J., when he said:

"* * * The recovery is claimed on the ground of breach of contract to collect, which involved an obligation to use reasonable diligence in doing what was undertaken under all the circumstances of the case; and a failure to use such diligence, resulting in a loss to complainant, would make the attorney liable to the extent of such loss, no further: Wait's Act. and Def., vol. 1,445; secs. 1 and 2, 459-60. Since the liability grows out of breach of contract, it is within the terms of the above section—not being provided for by any other."

The Section referred to above is the six year statute of limitations (T.C.A. sec. 28-309). The Court in the *Baxter* case further quoted from Wait's Actions thus:

"* * * When a person adopts the profession of the law, and assumes to exercise its duties in behalf of another for hire and reward, he must be held to employ

in his undertaking a reasonable degree of care and skill; and if any injury result to the client from want of such reasonable care and skill, the attorney must respond to the extent of the injury sustained."

As we read the declaration in this case, the gravamen of the declaration is that the defendant in error failed in his professional duty to exercise these duties which he had assumed for hire to such a degree that the plaintiff in error was damaged by his failure to file this action in time. It is true that the damage to the plaintiff in error was for personal injuries he had received at the hands of another and not at the hands of the defendant in error. The only damage received at the hands of the defendant in error was his failure to exercise the proper degree of care in instituting the suit which had been turned over to him before the statute of limitations ran and by his failure to do so the lawsuit was lost.

As said above the basis for the *Bland* lawsuit is the *Bodne v. Austin* suit, which is indeed a well reasoned lawsuit. Among other things it was said there that the inquiry always comes to hand in this type of lawsuit as to whether or not on facts alleged "the defendant has inflicted injuries to the person, on account of which recovery is sought." In other words here this defendant in error didn't inflict any injury upon the plaintiff in error, but is wrong in his alleged failure to comply with his contract of employment as an attorney in not instituting action before the statute of limitations had run and thus losing the lawsuit. In other words the damages sought here are not for personal injuries to the plaintiff in error but were for a financial loss which plaintiff in error sustained by reason of the negligent acts of the defendant in error.

There are many cases pro and con on the questions here involved, but as we see it the nearest case in point is that of *O'Neill v. Gray*, 2 Cir., 30 F.2d 776, certiorari denied 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003. The opinion in this case was rendered by the late Mr. Justice Augustus Hand, United States Court of Appeals. In this *O'Neill* suit the plaintiff had brought an action for damages against an attorney for his negligent prosecution of a wrongful death action, the action arising out of the death of the plaintiff's brother, of whose estate she was the Administratrix, and the alleged negligence of the attorney consisting of his having brought the wrongful death action against the defendant therein as a domestic corporation, whereas it was actually a co-partnership, and of his failure to amend the complaint until after the statute of limitations (two years) had run against the cause. In this lawsuit the complaint was demurred to on the ground that it was regarded as being a cause of action for malpractice, which was barred by the statute of two years, or that it was regarded as an action of negligence barred by the statute of three years. The time for bringing the wrongful death action expired before the present suit was brought, action having been commenced in 1926.

The Court held that the statute of limitations for libel, slander, assault, malpractice, etc., dealt with purely personal wrongs and that it involved injuries known to the person of such a nature that he could be required to decide promptly whether they were sufficient to warrant suit, and that such a statute applied only to wrongs to the person and did not comprehend injuries to property through an attorney's negligent conduct of a litigation, and thus where the alleged negligence of an attorney in the prosecution of this wrongful death action resulted in

the action being barred by the statute, it was held that in this action for damages against the attorney such an action was either an action for the breach of contract or retainer or for injury to property, and that in either case it came under the six year statute of limitations. The Court in this case said:

"Inasmuch, therefore, as six years had not elapsed between February 16, 1923, when the plaintiff's action against H. H. Vought & Co. was lost, and the time when this action was brought, there can be no bar of the statute of limitations, and we must consider whether the plaintiff offered proof which justified submission to the jury of a good cause of action against H. H. Vought & Co."

It seems to us that this same statement could and should be made in the instant case, and it should be remanded for the purpose of answer and proof to determine whether or not the plaintiff offered sufficient proof which would justify submission to the jury as to whether or not this doctor and hospital committed these wrongs, if the action had been filed by the attorney who was employed to file it before the statute had run.

In *Jackson v. Kemp,* 211 Tenn. 438, 365 S.W.2d 437, we had before us the identical questions and authorities, herein cited, beginning with *Bodne v. Austin, Bland v. Smith* and others herein relied upon. The *Jackson v. Kemp* case was a case wherein the plaintiff was struck by an automobile and he failed to file suit within the one year period provided by T.C.A. sec. 28-304, as a result of a statement of the claim adjuster that if the plaintiff would not employ an attorney and would deal directly with the adjuster such adjuster would authorize direct

payment of the hospital and doctor bills. A subsequent suit was brought on the theory of contract and we held that it was not barred by the one year statute of limitations provided for personal injuries, but was governed by the six year statute relating to contracts. In this suit, as said above, we considered the same arguments made in the instant case with *Bodne v. Austin* as the basis therefor. It was said at page 445 of 211 Tenn., page 440 of 365 S.W.2d, among other things, that:

"* * * Thus it is that even though this suit is based on this contract in establishing what these damages were there seems to be no good reason to us for applying any different rule in establishing them than would be in an action if based on the tort."

■ It seems to us that in an action of this kind based on the employment of an attorney to represent one and the attorney negligently failing to do it by unskilled professional management or doing something wrong that many claims, as in this case, would be barred by the one year statute, T.C.A. sec. 28-304, before they were discovered. We feel that this suit is based upon an attorney-client relationship of trust, and in addition to being an implied contract it was an express contract that he would exercise reasonable skill and diligence in doing what was undertaken and that when there was a failure to thus exercise such diligence this was a breach of contract rendering the attorney liable for the loss resulting, but no more.

■ The rationale of the rule in *Bodne v. Austin,* supra, upon which *Bland v. Smith,* supra, is based is that a plaintiff has a right to either a tort or contract action growing out of the same facts, and where the injury is to the

person the one year limitation is applicable. Here the plaintiff in error has only one right—the negligent breach of contract with an attorney wherein the injury is not to the person but the negligent failure of the attorney to perform his agreement.

It results from what we have said above the judgment below must be reversed and the cause remanded to the Circuit Court of Shelby County for such further action as is deemed necessary.