145 N.J. Super. 234 (1976)
367 A.2d 458
JAMES M. CARNEY, PLAINTIFF-APPELLANT,
v.
JERRY M. FINN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1976.
Decided December 6, 1976.
*235 Before Judges FRITZ, CRAHAY and ARD.
Mr. James M. Carney, appellant, argued the cause pro se.
Mr. Joseph S. Pecora argued the cause for the respondent (Mr. Joseph F. Faccone, Jr., attorney).
PER CURIAM.
The single issue here concerns the applicable statute of limitations in a legal malpractice action.
On June 1, 1972 defendant attorney handled three claim petitions for plaintiff in the Division of Workmen's Compensation. Plaintiff complains that defendant's handling of the case resulted in a reduced award. Thereafter on January 28, 1975 plaintiff filed a complaint in the Essex County District Court against defendant alleging legal malpractice. Defendant's amended answer asserted the action was barred by N.J.S.A. 2A:14-2, the two-year statute of limitations. During the reargument of the motion to permit amending the answer to assert the aforementioned statute of limitations as a defense, the trial judge summarily dismissed the complaint, holding that the action was barred by N.J.S.A. 2A:14-2. We hold this was error.
There is no statute expressly dealing with an action sounded in legal malpractice. N.J.S.A. 2A:14-1 (the six-year statute) applies to "tortious injury to the rights of another * * * or for recovery upon a contractual claim or liability * * *." N.J.S.A. 2A:14-2 (the two-year statute) applies to "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person * * *." We are satisfied the two-year statute applies only where the gravamen of the plaintiff's *236 complaint is injury to the person. Clearly, we do not deal here with a personal injury claim but rather an assertion that an attorney engaged for a particular purpose was negligent in the handling of it, resulting in pecuniary loss to appellant. Such a claim comes under N.J.S.A. 2A:14-1 (the six-year statute) and is therefore not barred. Fuschetti v. Bierman, 128 N.J. Super. 290, 294 (Law Div. 1974). Accord, Hillhouse v. McDowell, 219 Tenn. 362, 410 S.W.2d 162, 166 (Sup. Ct. 1966); cf. Barrett v. Burt, 250 F. Supp. 904, 906 (S.D. Iowa 1966).
Reversed and remanded.