845 A.2d 168 (2004)
368 N.J. Super. 15
Steven BALLIET, Plaintiff-Appellant,
v.
Todd FENNELL, Individually and as a Minister of the United Church of Christ; and The United Church of Christ, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 2003.
Decided March 30, 2004.
*169 Arthur J. Russo, Phillipsburg, attorney for appellant.
Sweet, Pasquarelli & Wiebalk, attorneys for respondents (John H. Sanders, II, on the brief).
Before Judges CUFF, AXELRAD and WINKELSTEIN.
The opinion of the court was delivered by
CUFF, J.A.D.
Plaintiff Steven Balliet filed a complaint alleging breach of fiduciary duty against his pastor, defendant Todd Fennell, and the church that employed Fennell, defendant United Church of Christ (church). He appeals from an order dismissing his complaint as untimely. The issue in this case is whether plaintiff's cause of action for breach of fiduciary duty by his pastor is governed by N.J.S.A. 2A:14-1[1] or N.J.S.A. 2A:14-2.[2] We hold that the cause of action pled by plaintiff is governed by N.J.S.A. 2A:14-2 and affirm.
In July 1996, plaintiff and his wife were both members of the church at which defendant was the minister. In late July 1996, plaintiff and his wife were experiencing marital difficulties, and plaintiff sought marriage counseling from Fennell. Defendant had completed a course in pastoral counseling in the seminary, and his duties as a minister included giving guidance and counsel to congregants and their families.
Fennell provided counseling to plaintiff, although the length of the counseling is disputed. Plaintiff contends the sessions extended over eight weeks, while defendant asserts the sessions extended no more than three weeks. At some point, Fennell felt he was no longer qualified to provide assistance to plaintiff, and he referred plaintiff to another clergyman.
In October 1996, plaintiff discovered that his wife and Fennell were engaged in an emotionally intimate relationship and that the relationship had begun in August or September 1996. Other members of the congregation learned of the relationship. Eventually, plaintiff and his wife and defendant and his wife divorced. Plaintiff's former wife and Fennell are now married.
On May 21, 2001, plaintiff filed a complaint against Fennell and the church. The complaint alleged that Fennell owed a fiduciary duty as a minister to plaintiff and *170 that he breached that responsibility by engaging in a romantic relationship with plaintiff's wife at the time plaintiff had sought marital and personal counseling from Fennell. Plaintiff sought damages for "emotional trauma and stress, a diminishment of his ability to form trusting relationships, a loss of his ability to freely engage in therapeutic counseling and/or trusting of others in various aspects of his life, together with feelings of humiliation, ridicule and shame in the community."
Judge Bernhard granted defendants' motion for summary judgment. He held that plaintiff's complaint was governed by N.J.S.A. 2A:14-2, and the complaint was filed substantially beyond the two-year limitation prescribed by the statute. On appeal, plaintiff argues that the statute of limitations is six years, and his complaint was filed well within that period.
In F.G. v. MacDonell, 150 N.J. 550, 696 A.2d 697 (1997), the Court recognized that a clergyman owes a fiduciary duty to a parishioner with whom the clergyman establishes a counseling relationship. Id. at 564-65, 696 A.2d 697. The Court also held that a sexual relationship between the parishioner and the clergyman while the clergyman is providing pastoral counseling to the parishioner breaches that duty. Id. at 565, 696 A.2d 697.
The Court did not, however, address whether a complaint asserting a claim by a parishioner for breach of fiduciary duty by a clergyman must be filed within two years after the cause of action arises in accordance with N.J.S.A. 2A:14-2, or within six years in accordance with N.J.S.A. 2A:14-1. Neither the Supreme Court nor this court has addressed the issue. Although the precise issue presented in this appeal is a matter of first impression, we are not without guidance for its resolution.
In Montells v. Haynes, 133 N.J. 282, 291, 627 A.2d 654 (1993), after first concluding that a single statute of limitations should apply to all claims filed in the Superior Court founded on the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, the Court turned to a consideration of the appropriate limitations period. It stated that its focus was on the nature of the injury, not the legal theory of the claim. Ibid. The Court noted that the Legislature has separated "`injury to the person' from `tortious injury to the rights of another' " and effectively distinguished personal injuries involving physical or emotional harm from those involving economic harm. Ibid. It also observed that courts have historically treated "tortious injury to the rights of another," one of the categories within the six-year statute of limitations, "as applying primarily to actions for economic loss." Id. at 291-92, 627 A.2d 654. Actions for legal malpractice, engineering malpractice, claims for lost wages based on wrongful discharge, and appropriation of a person's likeness and name for the commercial benefit of another fall within this category and are subject to the six-year limitation period of N.J.S.A. 2A:14-1. Ibid. (citations omitted).
Ultimately, the Court held that the two-year "personal injury" statute of limitations governs all LAD claims filed in the Superior Court. Id. at 292, 627 A.2d 654. In doing so, it relied on the Legislature's declaration of policy concerning the consequences of discrimination which identified physical and emotional distress, severe physical and emotional trauma, anxiety, career, and familial adjustment problems as injuries caused by and associated with acts of discrimination. Ibid. The Court observed that each of these injuries is considered an injury to the person and at common law would be subject to the two-year *171 statute of limitations. Ibid.[3] Indeed, "[a] discrimination claim cuts most deeply at the personal level." Id. at 293, 627 A.2d 654.
The Court returned to the issue of which statute of limitations should govern a cause of action in McGrogan v. Till, 167 N.J. 414, 771 A.2d 1187 (2001). In McGrogan, the plaintiff commenced a legal malpractice action against the attorney who represented him in a criminal prosecution. Id. at 418, 771 A.2d 1187. The Court rejected the notion that legal malpractice in the context of a criminal prosecution primarily inflicts an injury to the person due to a loss of liberty flowing from incarceration and the loss of their civil rights and would allow the civil action to be commenced within two years. Id. at 416, 771 A.2d 1187. The Court held that a single statute of limitations applies to legal malpractice actions, irrespective of the specific injuries asserted. Id. at 417, 771 A.2d 1187.
The McGrogan Court clarified that its focus on the "nature of the injury" in Montells "was not centered on the gravamen of an individual complaint, but on the typical injuries in LAD claims generally." Id. at 421, 771 A.2d 1187. The Court continued:
The holdings in Montells and Labree [v. Mobil Oil Corp., 300 N.J.Super. 234, 692 A.2d 540 (App.Div.1997) (a retaliatory discharge claim) ] recognize that in the analysis of which statute of limitations period should apply to a cause of action, the concept of "nature of the injury" is not to be subjected to a complaint-specific inquiry. The "nature of the injury" is used to determine the "nature of the cause of action" or the general characterization of that class of claims in the aggregate. That analysis precedes resolution of the question of which statute of limitations applies to a type of cause of action, and does not contemplate an analysis of the specific complaint and the injuries it happens to allege.
[Id. at 422-23, 771 A.2d 1187.]
In McGrogan, the Court stated that the legal malpractice action is grounded in negligence and the gravamen of the action is injury to the rights of another. Id. at 424-25, 771 A.2d 1187. The underlying injury in such actions is not the pecuniary loss that may occur to the client but "the breach of a duty as manifested in the attorney's negligent performance." Id. at 426, 771 A.2d 1187; Carney v. Finn, 145 N.J.Super. 234, 236, 367 A.2d 458 (App. Div.1976).
Applying these principles, we hold that a cause of action for breach of the fiduciary obligation by a member of the clergy who has established a counseling relationship with a parishioner is governed by the two-year "injury to the person" statute of limitations. This holding is informed by the character of the cause of action that, by its very nature, strikes at the physical and emotional well-being of a parishioner.
In F.G., the Court explained that "[t]he essence of a fiduciary relationship is that one party places trust and confidence in another who is in a dominant or superior position." F.G., supra, 150 N.J. at 563, 696 A.2d 697. Addressing the relationship between a pastor and parishioner, the Court remarked:
Trust and confidence are vital to the counseling relationship between parishioner and pastor. By accepting a parishioner for counseling, a pastor also *172 accepts the responsibility of a fiduciary. Often, parishioners who seek pastoral counseling are troubled and vulnerable. Sometimes, they turn to their pastor in the belief that their religion is the most likely source to sustain them in their time of trouble. The pastor knows, or should know of the parishioner's trust and the pastor's dominant position. [Id. at 564, 696 A.2d 697.]
A violation of the duty owed by a member of the clergy to a parishioner is an affront and tortious injury to the person who has placed his trust in his pastor. See Restatement (Second) of Torts, § 874 comment b (1979). Such an insult is likely to produce physical and emotional distress, severe emotional or physical trauma, anxiety, familial and social disruption and adjustment problems due to the vulnerability of the parishioner. These injuries at common law would be governed by the two-year statute of limitations. Montells, supra, 133 N.J. at 292, 627 A.2d 654.
This approach is consistent with the view of several other jurisdictions that have addressed the issue. See Doe v. Hartz, 52 F.Supp.2d 1027, 1040, 1062 (N.D.Iowa 1999) (applying the Iowa two-year statute of limitations to actions for injuries to the person); Cherepski v. Walker, 323 Ark. 43, 913 S.W.2d 761, 765 (1996) (applying the Arkansas three-year statute of limitations for tort actions in a case by plaintiff against his priest for breach of fiduciary duty); Martin v. Howard, 784 A.2d 291, 301-02 (R.I.2001) (applying the Rhode Island three-year statute of limitations governing actions for personal injuries); Germain v. Pullman Baptist Church, 96 Wash.App. 826, 980 P.2d 809, 812 (1999) (applying the Washington three-year statute of limitations to actions for personal injuries), review denied, 139 Wash.2d 1026, 994 P.2d 844 (2000). But see Doe v. Linam, 225 F.Supp.2d 731, 734 (S.D.Tex.2002) (applying the Texas four-year statute of limitations specifically governing actions for breach of fiduciary duty instead of the two-year personal injury statute of limitations).
Plaintiff argues that claims for breach of fiduciary duty generally are governed by the six-year statute of limitations applicable to "injuries to the rights of another." Relying on the rule in McGrogan, plaintiff urges this court to view his claim against his pastor within the broad category of breach of fiduciary duty and apply the longer statute of limitations. We believe, however, that such a view is too expansive.
Fiduciaries appear in a variety of forms and in a variety of contexts. Agents, partners, receivers, trustees, and executors are entrusted in one way or another with the conduct of the affairs or the protection of the rights of another. In many instances, those rights are purely economic and a breach of the fiduciary's duty normally generates only economic loss. A breach of fiduciary duty in these contexts is generally controlled by the substantive law governing the relationship. Restatement (Second) of Torts § 874, Appendix and Reporter's Note (1982). In certain instances, such as this case, the fiduciary assumes the care, not of a person's economic well-being, but of his physical or emotional well-being. In such instances, a breach of duty by the fiduciary may be properly regarded as a tortious injury to the person for which damages should be allowed. Ibid.
Plaintiff's argument that all actions for breach of fiduciary duty should be governed by a single statute of limitations ignores this distinction and further implies that courts have elected to treat all professional malpractice or professional negligence actions as a single category. That, of course, is not the case. While legal and engineering malpractice are subject to the *173 six-year statute of limitations, McGrogan, supra, 167 N.J. at 426, 771 A.2d 1187; P.T. & L. Constr. Co. v. Madigan & Hyland, Inc., 245 N.J.Super. 201, 206, 584 A.2d 850 (App.Div.) (engineering malpractice), certif. denied, 126 N.J. 330, 598 A.2d 888 (1991), medical malpractice actions are governed by the two-year statute of limitations, undoubtedly because a patient entrusts his physical and emotional well-being to the physician and a breach of any duty to the patient inflicts injury to the person.
In summary, the nature of the duty undertaken by a member of the clergy who establishes a counseling relationship with a parishioner and the affront to the physical and emotional well-being of the parishioner in the event of a violation of the trust reposed in the member of the clergy warrants resort to the two-year statute of limitations governing actions for personal injuries.
Affirmed.
NOTES
[1] N.J.S.A. 2A:14-1 provides:

Every action at law for trespass to real property, for any tortious injury to real or personal property, ... for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 [N.J.S.A. 2A:14-3, which governs actions for libel and slander, imposes a one-year statute of limitations] of this Title, ... shall be commenced within 6 years next after the cause of any such action shall have accrued.
[2] N.J.S.A. 2A:14-2 provides:

Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.
[3] The Court also noted that the two-year statute of limitations more closely comported with the 180-day statute of limitations for a claim filed with the Division on Civil Rights. Montells, supra, 133 N.J. at 294-95, 627 A.2d 654.