IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 14, 2009 Session

## DAVID ARNOLD FERRELL v. FLETCHER LONG

**Appeal from the Chancery Court for Warren County**
**No. 10354     Larry Barton Stanley, Jr., Chancellor**

_____

**No. M2008-02232-COA-R3-CV - Filed May 14, 2009**

_____

The plaintiff, who paid for legal representation for his brother, sued the attorney for breach of contract, fraud, theft by deception and conversion. The trial court found that the suit had been commenced after the statute of limitations had run. The plaintiff appealed, claiming that his motion for default judgment should have been granted, the statute of limitations had not run, and the judge should have recused himself. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

David Arnold Ferrell, Spencer, Tennessee, Pro Se.

Edward T. Farmer, Springfield, Tennessee, for the appellee, Fletcher W. Long.

**OPINION**

On May 19, 2003, David Ferrell entered into a contract with attorney Fletcher Long to represent Ferrell's brother, Lawrence Earl Ralph, Sr., in a criminal matter. Long agreed to place the $7,500.00 fee into an escrow account and draw down the amount at a rate of $200 per hour. On June 16, 2003, Long filed a motion for judgment of acquittal or new trial, which was argued on August 13, 2003. The court denied the motion on March 17, 2004.

At a post-conviction hearing on February 28, 2007, Long testified that he did not deposit the $7,500.00 Ferrell paid him to defend Ralph into the escrow account. Ferrell filed a suit on March 11, 2008, alleging breach of contract[1] and seeking the return of the entire $7,500.00 fee. Long filed an answer and counterclaim on April 24, 2008.

_____

[1]Other pleadings filed by Ferrell allege fraud, theft by deception and conversion.

On May 8, 2008, Ferrell filed a motion for a default judgment, maintaining that the April 24, 2008 answer was not filed within the 30 days allowed by the Tennessee Rules of Civil Procedure. Long filed a response on May 16, 2008, claiming that certain exhibits were not attached to the complaint and it took some time to get them; that the answer was filed before the motion for default and that the case was not yet ready for trial since there had been no written or oral discovery. The motion for a default judgment was heard August 26, 2008, and was denied. The trial court found that Ferrell was not prejudiced by the late filing of the answer and that Long's counsel had acted with due diligence. Ferrell moved for the chancellor's recusal claiming that the chancellor may need to be a witness against Long.[2] That motion was also denied, but the chancellor said that if "[i]t appears [at] any time that I would be a material witness, I may recuse myself, and I will."

Long filed a motion to dismiss based on the statute of limitations, Tenn. Code Ann. § 28-3-104(a)(2), and a motion for Rule 11 sanctions. Both motions were heard on October 14, 2008, and both motions were granted. Ferrell appealed. He has raised three issues: whether the motion for default judgment should have been granted, whether the appropriate statute of limitations is one or three years, and whether the chancellor should have recused himself.[3] Long, claiming the appeal is frivolous, asks for attorney's fees.

ANALYSIS

Denial of Default Judgment

"We review a trial court's denial of a motion for default judgment under an abuse of discretion standard." *Logan v. Civil Service Comm'n of Memphis*, No. W2007-00324-COA-R3-CV, 2008 WL 715226, *10 (Tenn. Ct. App. Mar. 18, 2008) (no Tenn. R. App. P. 11 application filed); *Broyles v. Woodson*, No. E2004-00402-COA-R3-CV, 2005 WL 378929, *6 (Tenn. Ct. App. Feb. 17, 2005). An abuse of discretion occurs where the trial court applies an incorrect legal standard or where it reaches a decision that is illogical or unreasoned and causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). "Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)). The trial court specifically found that Ferrell was not prejudiced by the late filing of the answer and that Long's counsel had acted with due diligence. We cannot say that the chancellor's decision to deny the motion for a default judgment is an abuse of discretion.

---

[2]The chancellor was also the judge who heard the motion Long filed on behalf of Ralph. The Thirty-first Judicial District has only one judge, who acts as chancellor for chancery court cases and as circuit judge for circuit court cases.

[3]We note that Ferrell did not appeal the trial court's imposition of Rule 11 sanctions against him.

Statute of Limitations

The interpretation of a statute and the application of that statute to undisputed facts involve issues of law. *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009). This appeal involves the interpretation and application of Tenn. Code Ann. § 28-3-104(a)(2) and, therefore, the applicable standard of review is de novo, with no presumption of correctness attaching to the legal conclusions reached by the trial court. *Id.*

The Court of Appeals has already addressed the statute of limitations in the breach of contract context:

> On appeal, Ms. Swett argues that her claim is not one of legal malpractice but of a breach of contract, and that it is governed by the six-year statute of limitations in Tenn. Code Ann. § 28-3-109.
>
> We disagree. Tenn .Code Ann. § 28-3-104(a)(2) governs "actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort." We think it is instructive to note that this section of the statute was passed by the legislature on May 17, 1967, in the first session after the Supreme Court's December 1966 decision in *Hillhouse v. McDowell*, 219 Tenn. 362, 410 S.W.2d 162 (1966). In that case, the court held that an action for malpractice for failing to timely file an action for personal injuries was a breach of contract and was governed by what is now Tenn. Code Ann. § 28-3-109. The court distinguished its earlier decision in *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377 (1955), in which it applied the one-year statute to a legal malpractice action because, as the court read the declaration, it alleged a tort for personal injuries. We think the legislature sought to remove any doubt about which statute applied to a malpractice claim, and it chose the one-year period of limitations.
>
> In addition, the courts are admonished to determine the appropriate statute of limitations "according to the gravamen of the complaint," *Keller v. Colgems-EMI Music, Inc.*, 924 S.W.2d 357 (Tenn. Ct. App. 1996); and it seems to us that the gravamen of Ms. Swett's complaint is not Mr. Binkley's breach of a promise. Instead, it is a complaint that he failed to recover all the fees and expenses from Mr. Swett or his estate. That complaint clearly comes within the legal malpractice statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(2).

*Swett v. Binkley*, 104 S.W.3d 64, 67 (Tenn. Ct. App. 2002). Like *Swett*, this case involves a claim for breach of contract against an attorney. *Swett* found that the one year statute of limitations governs this situation. *Id.* Since Tenn. Code Ann. § 28-3-104(a)(2) applies to torts as well, it also controls Ferrell's claims for fraud, theft by deception and conversion.

A legal action under Tenn. Code Ann. § 28-3-104(a)(2) must "be commenced within one (1) year after the cause of action accrued ." Tenn. Code Ann. § 28-3-104(a). The cause of action against Long accrued at the latest on February 28, 2007, the date when Long allegedly testified in Ralph's post-conviction proceeding that he entered into the contract to represent Ralph and that he failed to deposit the $7,500.00 fee in an escrow account. Ferrell's complaint was filed on March 11, 2008, more than one year after the cause of action accrued. The trial court was correct in granting Long's motion to dismiss.

Motion to Recuse

Impartiality is the bedrock upon which our judicial system is built. Our Supreme Court has stated:

> Given the importance of impartiality, both in fact and appearance, decisions concerning whether recusal is warranted are addressed to the judge's discretion, which will not be reversed on appeal unless a clear abuse appears on the face of the record. A motion to recuse should be granted if the judge has any doubt as to his or her ability to preside impartially in the case. However, because perception is important, recusal is also appropriate when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Thus, even when a judge believes that he or she can hear a case fairly and impartially, the judge should grant the motion to recuse if the judge's impartiality might reasonably be questioned. Hence, the test is ultimately an objective one since the appearance of bias is as injurious to the integrity of the judicial system as actual bias. However, the mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. . . . If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (citations omitted). Ferrell has failed to demonstrate that the trial judge was, or was likely to become, a material witness. Furthermore, we note that the chancellor said that if "[i]t appears [at] any time that I would be a material witness, I may recuse myself, and I will." Under these circumstances, we do not find that the judge abused his discretion in denying the motion to recuse.

Additionally, in his brief, Ferrell alleges that he filed a complaint against the chancellor with the Court of the Judiciary. This complaint appears to arise out of the length of time it took for the chancellor, acting as the circuit judge, to rule on Long's motion in Ralph's criminal case. Due to this complaint, Ferrell claims the chancellor should have recused himself. Ferrell's brief contains no citation to the record where this complaint was put in evidence or even mentioned. We have searched the record and find no evidence of, or references to, this complaint. Consequently, Ferrell's

argument in this regard must fail for lack of proof. Also, an argument not presented to the trial court is waived. *Correll v. E.I. DuPont de Nemours & Co.*, 207 S.W.3d 751, 757 (Tenn. 2006).

## Attorney's Fees

Long argues that Ferrell's appeal is frivolous and that he should be awarded his attorney's fees incurred in defending the appeal. We respectfully decline to exercise our discretion to award attorney's fees in this case.

## Conclusion

The trial court is affirmed. Costs of appeal are assessed against the appellant, David Arnold Ferrell, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE