DLD-193                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1792
_____

JAY L. THOMAS, Appellant

v.

CARE PLUS OF NEW JERSEY, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-03493)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 8, 2012)
_____

OPINION
_____

PER CURIAM

    Jay Thomas, proceeding pro se and in forma pauperis, appeals the dismissal of his

lawsuit against the defendant, Care Plus of New Jersey ("Care Plus").  For the reasons

that follow, we will summarily affirm the District Court's judgment.

    In his amended complaint, Thomas sought relief against Care Plus under Title VI

of the Civil Rights Act (42 U.S.C. § 2000d), the New Jersey Law Against Discrimination (N.J. Stat. Ann. § 10:5-1 et seq.), and theories of breach of fiduciary duty. Care Plus moved to dismiss the complaint, arguing that several of Thomas's claims were barred by res judicata and the applicable statutes of limitation. Care Plus also maintained that Thomas had failed to state a claim upon which relief could be granted. The District Court agreed with Care Plus and dismissed the complaint. See generally Thomas v. Care Plus of N.J., Inc., No. 11–CV–3493, 2012 WL 646023 (D.N.J. Feb. 28, 2012). This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, exercising plenary review over the District Court's order granting Care Plus's motion to dismiss, accepting all well-pleaded allegations in the complaint as true, and drawing all reasonable inferences in Thomas's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). As affirmative defenses, limitations defenses should generally be presented in an answer and not in a motion to dismiss; however, the "law of this Circuit . . . permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations, citations omitted). We may therefore affirm on the basis of a limitations dismissal when the defect is apparent from the face of the complaint. Id.

Thomas's first two claims, which are based on Care Plus's alleged violations of Title VI and the New Jersey Law Against Discrimination, are clearly barred by the statute

2

of limitations. Claims brought under Title VI are subject to the same limitations period as claims brought under 42 U.S.C. § 1983. Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (citing Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 77–78 (3d Cir. 1989)). In New Jersey, the relevant period is two years from date of accrual. See Montgomery v. De Simone, 159 F.3d 120, 126 n.4 (3d Cir. 1998). The statute of limitations for all Law Against Discrimination claims is also two years from date of accrual. Montells v. Haynes, 627 A.2d 654, 658–60 (N.J. 1993). Construing liberally Thomas's allegations, see Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990), we observe that neither his original nor his amended complaint alleges harm suffered or retaliation taken within two years of the date he first filed his lawsuit: June 16, 2011. Thomas has not availed himself of the numerous opportunities to demonstrate that an exception to the limitations period applies.[1] Further amendment of the complaint would therefore be "inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

With regard to Thomas's fiduciary-duty claim, we will assume, without deciding, that Thomas and his doctor did have a "fiduciary" relationship as contemplated by New Jersey law. See Howard v. Univ. of Med. & Dentistry of N.J., 800 A.2d 73, 78 (N.J.

---

[1] In his summary action response, he argues that his "factual allegations of retaliation under the New Jersey Law Against Discrimination . . . [represent] a common law tort where the statute of limitation is six years." At least one of the statutes upon which he relies, however, explicitly excludes personal injury actions from the six-year limitations period. Compare N.J. Stat. Ann. § 2A:14-1 (establishing six-year statute of limitations "for any tortious injury to the rights of another not stated in sections 2A:14-2 and 2A:14-3 of this Title"), with N.J. Stat. Ann. § 2A:14-2 (establishing two-year statute of

2002). Having so assumed, we agree with the District Court that breach of this kind of "fiduciary relationship" is akin to a personal-injury action, which (as above) is governed by a two-year statute of limitations. Cf. Balliet v. Fennell, 845 A.2d 168, 172–73 (N.J. Super. Ct. App. Div. 2004). Hence, the third claim is also barred by the limitations period.[2]

Finally, the District Court denied Thomas's motion for default judgment. There is no indication on the District Court docket of Thomas's effecting service of the summons on Care Plus. Since the twenty-one-day period of Fed. R. Civ. P. 12(a)(1)(A)(i) had not yet started, Care Plus was not in default. Therefore, the District Court did not abuse its discretion by refusing to enter a default judgment. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

In sum, we find that this appeal does not present a substantial question, and will therefore summarily affirm the District Court's judgment. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6. To the extent that Thomas's filings in this Court request independent relief, they are denied.

---

limitations for "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State").

[2] In the alternative, we would affirm on the basis of Thomas's failure to state a claim upon which relief could be granted. Claim three is a threadbare recitation of the elements of a cause of action, lacking sufficient factual material to show that the claim is facially plausible. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citations, quotations omitted).