IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2023

## HAMID HOUBBADI v. KENNEDY LAW FIRM, PLLC ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. CC21-CV-2457          Kathryn Wall Olita, Judge**

_____

### No. M2022-01166-COA-R3-CV
_____

The plaintiff filed an action for breach of contract and fraud against his former attorneys and the attorneys' law firm. The defendants moved for a judgment on the pleadings, arguing that the plaintiff failed to state a claim for which relief can be granted, and that the action was untimely. The trial court granted the defendants' motion, and, having determined that the plaintiff's action is untimely under Tennessee Code Annotated section 28-3-104(c)(1), we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Hamid Houbbadi, Mountain City, Tennessee, Pro Se.

Joshua A. Powers, Chattanooga, Tennessee, and Nora A. Koffman, Johnson City, Tennessee, for the appellees, Kennedy Law Firm, PLLC, Kevin Kennedy, and Gordon Rahn.

## OPINION

### BACKGROUND

According to his complaint, Hamid Houbbadi ("Appellant") hired the Kennedy Law Firm in 2018 to represent him in a divorce and order of protection proceeding, both of which Appellant's wife initiated. Based on the wife's petition for an order of protection, the Montgomery County General Sessions Court ("general sessions court") had issued an ex parte order of protection against Appellant on September 26, 2018. A hearing was set for October 9, 2018. Appellant met with attorneys Kevin Kennedy and Gordon Rahn on

October 1, 2018.  It is undisputed that Appellant hired Defendants and paid $1,000 towards the total fee.  Mr. Rahn attended the October 9, 2018 court date, but a hearing did not occur.  Appellant avers that a scheduling issue occurred with the court interpreter and that the hearing was reset to November 13, 2018.  Appellant also avers that Mr. Rahn agreed to reset the hearing and continue the ex parte order without discussing the continuance with Appellant.  The order entered October 9, 2018, provides that the ex parte order was continued by agreement of the parties but that Appellant could return to the marital home to retrieve his personal clothing and medication between 12:00 p.m. on October 9, 2018, and 5:00 p.m. on October 10, 2018.

Appellant murdered his wife in the marital residence on October 19, 2018.  "[Appellant] was subsequently indicted for first degree premeditated murder, first degree felony murder in perpetration of or the attempt to perpetrate especially aggravated burglary, and especially aggravated burglary." *State v. Houbbadi*, No. M2022-01751-CCA-R3-CD, 2023 WL 8525144, at *1 (Tenn. Crim. App. Dec. 8, 2023).  Following his trial, a "jury convicted [Appellant] of first degree premeditated murder, first degree murder during the perpetration of the felony of aggravated burglary, and especially aggravated burglary." *Id.* at *5.  The criminal court sentenced Appellant to life in prison plus twelve years. *Id.*

On December 14, 2021, Appellant initiated the instant case in the Circuit Court for Montgomery County (the "trial court"), naming Mr. Kennedy, Mr. Rahn, and the Kennedy Law Firm (collectively, "Defendants" or "Appellees") as defendants.  The complaint is captioned as "Claim of fraud and breach of contract."  While it is handwritten and generally difficult to discern, the complaint seems to allege that Defendants defrauded Appellant when Appellant hired them; that Defendants failed to act in good faith in their representation of Appellant; that Defendants agreed to continue the ex parte order of protection without consulting Appellant; and that Defendants should have moved the general sessions court at the October 9, 2018 hearing for Appellant to have exclusive use and possession of his marital residence.  Under the section titled "Prayers of relief," Appellant requests twenty million dollars in damages.  Appellant also claims that he suffered economic damages due to Defendants' "unprofessional behavior, deshonsty [sic] and fraud and taking advantage of complain[ant's] nationality and broken english."  Appellant alleges that he lost his house, car, furniture, and job, and that Appellant "would not charge on a murder charge [sic] if defendant Kenndy [sic] and Rahn did their jobs in good f[a]ith."  Appellant also asked for a jury trial.

Appellees answered the complaint on January 18, 2022, admitting that they represented Appellant and appeared at the October 9, 2018 court date.  They denied, however, agreeing to reset the order of protection hearing without Appellant's permission.  Appellees claimed that they reset the hearing because of a scheduling conflict with the court interpreter but agreed to a window of time in which Appellant could go to the marital residence to retrieve various items.  Appellees also denied that Appellant asked them to

move the general sessions court for an order providing Appellant exclusive access to the marital residence. Appellees raised several affirmative defenses, including the statute of limitations and that Appellant failed to state any claim for which relief could be granted.

Appellant proceeded to file several items, including a request for appointment of counsel and a notice for an evidentiary hearing, that are not ultimately relevant to the dispositive issue on appeal. On May 3, 2022, Appellees filed a motion for judgment on the pleadings and a supporting memorandum. Appellees argued that to the extent Appellant's claims sounded in fraud and breach of contract, those claims were inadequately pled under the Tennessee Rules of Civil Procedure. Alternatively, Appellees claimed that Appellant's cause of action actually sounded in legal malpractice and was untimely under Tennessee Code Annotated section 28-3-104. Regarding Appellant's alleged damages, Appellees urged that the losses "are simply not the result of any action or inaction by [Appellees,]" but rather "the result of a gruesome murder that [Appellant] was found guilty of committing in early 2022." Appellant filed a response to the motion for judgment on the pleadings on June 1, 2022. Therein, Appellant claimed that he "would not be charge [sic] and convicted with murder if [Appellees] did their job in good faith." For the first time, Appellant also argued that Mr. Kennedy had been having an affair with Appellant's wife prior to her death.

The trial court held a hearing on several pending motions, including Appellees' motion for judgment on the pleadings, on July 14, 2022. Appellant and a court interpreter participated by video-call. The trial court denied Appellant's motion for appointment of counsel,[1] but took the motion for judgment on the pleadings under advisement. The trial court also took under advisement a motion to amend the complaint filed by Appellant, which Appellees argued was futile.

The trial court entered its final order on August 8, 2022, denying Appellant leave to amend and granting Appellees' motion for judgment on the pleadings. As to breach of contract, the trial court found that Appellant failed to state a claim for which relief could be granted, noting that "[i]n that there are no specific terms of the agreement for general legal representation, Plaintiff has failed to state a claim for breach of the same as it relates to an unfiled motion." Explaining that fraud claims must be stated with particularity, the trial court also found that claim was not properly pled. Finally, the trial court found that to the extent Appellant was alleging his damages stemmed from Appellees' failure to move for exclusive use of Appellant's residence and continuing the ex parte order of protection, those claims sounded in legal malpractice. Because Appellant filed his complaint in 2021,

_____

[1] Appellant sought appointed counsel from the trial court multiple times throughout these proceedings, the trial court ruling each time that as a civil litigant, Appellant had no right to a court-appointed attorney.

the trial court concluded that any claim for legal malpractice was untimely. All remaining motions or requests for relief were denied, and the trial court certified its order as final.

Appellant timely appealed to this Court.

**ISSUES**

Appellant states several issues for review; however, we have determined that two issues are dispositive in this appeal:

1. Whether the trial court erred in concluding that Appellant's claims sound in legal malpractice.

2. Whether the trial court erred in concluding that Appellant's cause of action was untimely under Tennessee Code Annotated section 28-3-104.

**STANDARD OF REVIEW**

The trial court resolved this case on a motion for judgment on the pleadings. Accordingly, the standard of appellate review is as follows:

> When reviewing orders granting a Tenn. R. Civ. P. 12.03 motion, we use the same standard of review we use to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Accordingly, we must review the trial court's decision de novo without a presumption of correctness, *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997), and we must construe the complaint liberally in favor of the non-moving party and take all the factual allegations in the complaint as true. We should uphold granting the motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief.

*Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

**DISCUSSION**

Here, the trial court determined that Appellant failed to adequately plead any of his claims and that, in any event, Appellant's cause of action sounded in legal malpractice and was time-barred. If the trial court correctly determined that Appellant's claim is actually a time-barred malpractice action, then any other issues raised are pretermitted and need not be reached.

- 4 -

To state a prima facie case of legal malpractice, the following elements must be established: "(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damage, and (4) that the breach proximately caused the plaintiff's damage." *Horton v. Hughes*, 971 S.W.2d 957, 959 (Tenn. Ct. App. 1998) (citing *Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 403 (Tenn. 1991)). Ultimately, the

> plaintiff must "prove that the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction . . . and demonstrate a nexus between the negligence and the injury." *Sanjines v. Ortwein and Associates, P.C.*, 984 S.W.2d 907, 910 (Tenn. 1998).

*Lewis v. Caputo*, No. E1999-01182-COA-R3-CV, 2000 WL 502833, at *3 (Tenn. Ct. App. Apr. 28, 2000) (bracketing omitted). Further, "[a]ctions and suits against . . . attorneys . . . for malpractice . . ." must be commenced within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(c)(1). This is true "whether the action or suit is grounded or based in contract or tort." *Id.*

Here, Appellant captioned his claims as breach of contract and fraud. Nonetheless, the substance of the allegations sound in legal malpractice. *See PNC Multifamily Cap. Inst. Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 538 (Tenn. Ct. App. 2012) (noting that "we must always look to the substance of the pleading rather than to its form" (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992)); *see also Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) ("The choice of the correct statute of limitations is made by considering the 'gravamen of the complaint.'" (quoting *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006))); *Lewis*, 2000 WL 502833, at *3 (to determine the "gravamen" of a complaint and thus the applicable statute of limitations, we "'must look to the basis for which damages are sought'" (quoting *Keller v. Colgems-EMI Music, Inc.*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996)))).

Indeed, Appellant does not claim that Appellees failed to represent him or did not fulfill a certain aspect of their general representation; rather, Appellant takes issue with the manner in which Appellees executed the representation. Specifically, Appellant claims that Appellees did not act in good faith by 1) agreeing to continue the ex parte order of protection on October 9, 2018, and 2) failing to move the general sessions court for an order granting Appellant exclusive use of his marital residence. At their essence, these are claims that Appellees' conduct fell below the appropriate professional standard of care, thus resulting in injury to Appellant. Appellant claims that he would not have killed his wife, thus resulting in his imprisonment, if Appellees had sought an order allowing Appellant exclusive use of the marital residence on October 9, 2018. With that failure as

the basis for Appellant's alleged damages, "the complaint makes out an allegation of legal malpractice." *Lewis*, 2000 WL 502833, at *4.

Regardless, the one-year statute of limitations applies "whether the action or suit is grounded or based in contract or tort." Tenn. Code Ann. § 28-3-104(c)(1). Thus, even if the complaint states a cause of action for breach of contract, it may still be untimely under the statute. Under these circumstances, our opinion in *Ferrell v. Long*, No. M2008-02232-COA-R3-CV, 2009 WL 1362321 (Tenn. Ct. App. May 14, 2009), cited by Appellees in their principal brief, is analogous and persuasive. In that case, the plaintiff hired Attorney Long on May 19, 2003, to defend the plaintiff's brother in a criminal matter. *Id.* at *1. Part of the agreement required Attorney Long to deposit the plaintiff's $7,500 retainer in an escrow account. *Id.* It was revealed during a post-conviction hearing on February 28, 2007, that Attorney Long did not put the plaintiff's retainer in an escrow account. *Id.* The plaintiff then filed suit against Attorney Long on March 11, 2008, alleging claims for breach of contract, fraud, and "theft by deception and conversion." *Id.* The trial court dismissed the action based upon the one-year statute of limitations found at section 28-3-104(a)(2),[2] and the plaintiff appealed to this Court. We affirmed the trial court, explaining as follows:

> The Court of Appeals has already addressed the statute of limitations in the breach of contract context:
>
> > On appeal, Ms. Swett argues that her claim is not one of legal malpractice but of a breach of contract, and that it is governed by the six-year statute of limitations in Tenn. Code Ann. § 28-3-109.
> >
> > We disagree. Tenn. Code Ann. § 28-3-104(a)(2) governs "actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort." We think it is instructive to note that this section of the statute was passed by the legislature on May 17, 1967, in the first session after the Supreme Court's December 1966 decision in *Hillhouse v. McDowell*, 219 Tenn. 362, 410 S.W.2d 162 (1966). In that case, the court held that an action for malpractice for failing to timely file an action for personal injuries was a breach of contract and was governed by what is now Tenn. Code Ann. § 28-3-109. The court distinguished its

---

[2] Since we decided *Ferrell*, the statute has been re-numbered such that the pertinent one-year limitation is now found at sub-section (c)(1). The relevant language, however, is the same.

- 6 -

earlier decision in *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377 (1955), in which it applied the one-year statute to a legal malpractice action because, as the court read the declaration, it alleged a tort for personal injuries. We think the legislature sought to remove any doubt about which statute applied to a malpractice claim, and it chose the one-year period of limitations.

In addition, the courts are admonished to determine the appropriate statute of limitations "according to the gravamen of the complaint," *Keller v. Colgems–EMI Music, Inc.*, 924 S.W.2d 357 (Tenn. Ct. App. 1996); and it seems to us that the gravamen of Ms. Swett's complaint is not Mr. Binkley's breach of a promise. Instead, it is a complaint that he failed to recover all the fees and expenses from Mr. Swett or his estate. That complaint clearly comes within the legal malpractice statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(2).

*Swett v. Binkley*, 104 S.W.3d 64, 67 (Tenn. Ct. App. 2002). Like Swett, this case involves a claim for breach of contract against an attorney. Swett found that the one year statute of limitations governs this situation. *Id.* Since Tenn. Code Ann. § 28-3-104(a)(2) applies to torts as well, it also controls Ferrell's claims for fraud, theft by deception and conversion.

*Ferrell*, 2009 WL 1362321, at *2.

Consequently, section 28-3-104(c)(1) applies to the case at bar. This is true even when the allegations are taken as true and the complaint construed liberally in Appellant's favor. *See Young*, 130 S.W.3d at 63 (noting that we are required to "construe the complaint liberally in favor of the non-moving party and take all the factual allegations in the complaint as true" when considering a judgment on the pleadings).

Having determined that section 28-3-104(c)(1) applies, the question then becomes whether Appellant filed his complaint within one year of when his cause of action accrued. "Although the statute does not define the point of accrual, in legal malpractice cases . . . the date that the statute of limitations begins to run is determined by applying the discovery rule." *Story v. Bunstine*, 538 S.W.3d 455, 463 (Tenn. 2017) (citing *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)). The "discovery rule" provides that "a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Id.* (quoting *John Kohl*, 977 S.W.2d at 532). First,

- 7 -

"the plaintiff must suffer legally cognizable damage—an actual injury—as a result of the defendant's wrongful or negligent conduct . . ." *Id.* at 463–64. Second, "the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct." *Id.* at 464. "[T]he plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Lewis*, 2000 WL 502833, at \*3 (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)).

Here, the trial court found that Appellant should have known about his purported cause of action in October of 2018, explaining in the final order:

> The alleged unauthorized agreement to continue the Order of Protection hearing took place on October 9, 2018. As of the date of [Appellant's] wife's murder on October 20, 2018, [Appellees] had not filed a motion for exclusive possession of the marital home and [Appellant] knew or should have known of that fact. As such, [Appellant's] claims accrued in October of 2018, nearly 3 1/2 years prior to the filing of this action. At the hearing of this matter, [Appellant] claims he did not truly discover that the Order of Protection had been continued by an alleged unauthorized agreement until December 7, 2020. Even taking that assertion as true, which is difficult to do in light of the fact that [Appellant's] counsel in the criminal trial relied upon the agreement and extension in support of a motion to dismiss the indictments filed December 26, 2019,[3] [Appellant's] claim regarding that issue is still untimely.

We agree with the trial court's analysis. Appellant claims that he was injured by Appellees continuing the ex parte order of protection and failing to move the general sessions court for Appellant's exclusive possession of his marital residence. Both of these events occurred on October 9, 2018. Appellant claims that he would not have murdered his wife on October 19, 2018, if he had been awarded exclusive possession of the marital home. Taking these allegations as true, it follows that Appellant should have known about

---

[3] During the hearing on Appellees' motion, the trial court took judicial notice of several court documents from the criminal proceedings against Appellant. Normally, "[i]f matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion or a Rule 12.03 motion and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." *Patton v. Est. of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007). Nonetheless, courts may consider items subject to judicial notice without converting a motion to dismiss to a motion for summary judgment. *See Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016) (citing *Haynes v. Bass*, No. W2015-01192-COA-R3-CV, 2016 WL 3351365, at \*4 (Tenn. Ct. App. June 9, 2016)); *see also Coffee Cnty. v. Spining*, No. M2020-01438-COA-R3-CV, 2022 WL 168145, at \*5 n.4 (Tenn. Ct. App. Jan. 19, 2022), *perm. app. denied* (Tenn. May 18, 2022).

Appellees' purported failures on October 19, 2018.[4]  Moreover, we agree with the trial court's assessment that even if Appellant was not aware of his purported injuries in October of 2018, he admits he became aware of the agreement to continue the ex parte order on December 7, 2020.  The complaint was not signed and dated by Appellant until December 8, 2021, and not filed with the trial court until December 14, 2021.  Thus, even under the most liberal interpretation of Appellant's claims that is possible under the circumstances, his action is time-barred.

The trial court correctly concluded that Appellant's action is untimely and that Appellees are entitled to a judgment on the pleadings.  All other issues raised on appeal are pretermitted, and we affirm the trial court.

### CONCLUSION

The judgment of the Circuit Court for Montgomery County is affirmed.  Costs on appeal are assessed to the appellant, Hamid Houbbadi.

_____
KRISTI M. DAVIS, JUDGE

---

[4] The trial court's order states that the murder occurred on October 20, 2018.  *See Houbbadi*, 2023 WL 8525144, at *1–2 (explaining that the murder occurred sometime in the evening on October 19, 2018, but that the victim was not discovered by neighbors until the early morning hours of October 20, 2018).