**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2507-24

JOHN W. MYERS,

     Plaintiff-Appellant,

v.

WRONKO LOEWEN
BENUCCI,

     Defendant-Respondent.

_____

Argued January 27, 2026 – Decided March 3, 2026

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-1145-24.

John W. Myers, self-represented appellant.

Ana Parikh argued the cause for respondent (Rivkin Radler, LLP, attorneys; Deborah M. Isaacson and Ana Parikh, on the brief).

PER CURIAM

In this legal malpractice action, plaintiff John W. Myers, the former client of defendant Wronko Loewen Benucci (defendant or Benucci), appeals from a March 12, 2025 order dismissing all of his claims without prejudice under Rule 4:6-2(e) for failure to state a claim and denying his cross-motion for a stay as moot. Unconvinced by Myers's arguments, we affirm.

I.

Factual Background

We summarize the following facts from the record and the allegations in Myers's first and amended complaints, treating those allegations as true and extending all favorable inferences to him. See Craig v. Suburban Cablevision, Inc., 140 N.J. 623, 625-26 (1995).

Myers and his wife owned a condominium in Basking Ridge. Myers had several altercations with the condominium's board members, including board president Hilary Carmen and board member Bruce Stonely. Myers also had interactions with the property manager, Terri Reddell. On January 28, 2016, Carmen, Stonely, and Reddell filed a complaint alleging harassment against Myers (the Stonely matter). On November 17, 2016, defendant began providing legal services for Myers relative to various Bernards Township Municipal Court summonses, which charged him with disrupting a meeting, trespassing, and

2

resisting arrest. On December 2, 2016, the three individuals, along with Nannette Carriere, Valerie Whyte, Taylor Management Company (Taylor), and Bernards 1 Condominium Association (Association), filed a complaint and order to show cause (OTSC) against Myers alleging intentional interference with contractual relations, assault, and harassment and seeking restraints precluding him from contacting any Board members or employees of Taylor.[1] The complaint stemmed from an incident where Myers disrupted an annual Board meeting, resulting in his arrest.

On December 5, 2016, Judge Robert A. Ballard, Jr. granted the OTSC with restraints, which precluded Myers from having any contact or communication with anyone at the Association, board members, or employees of Taylor. On December 12, 2016, Myers retained defendant to represent him in the matter. On January 20, 2017, defendant filed an answer and counterclaim on behalf of Myers alleging breach of fiduciary duty, demanding an accounting, for breach of contract, defamation, negligent misrepresentations, violations of the New Jersey Condominium Act (the Act), N.J.S.A. 46:8B-1 to -38, breach of the covenant of good faith and fair dealing, for appointment of a property manager, and estoppel.

---

[1] Stonely v. Myers, docket number SOM-L-1520-16.

A-2507-24

On February 13, 2018, defendant filed a first amended answer, counterclaims, and a third-party complaint on behalf of Myers against the board and board members Sandra Schaffer, Kathleen Crossan, and Zhempeng Zhao, in their individual capacities. Myers contends he wanted to include Griffin & Alexander, the Association's counsel, and Officer Michael Sweeney as parties, but defendant refused his request. Myers later filed a lawsuit against these parties separately as a self-represented litigant.

On May 18, 2018, the original parties and third parties moved for summary judgment dismissal of Myers's counterclaims and third-party claims. Defendant filed opposition and a cross-motion for summary judgment seeking to dismiss the claims against Myers.

On July 20, 2018, Judge Ballard heard oral argument on the motions and reserved decision. On August 3, 2018, the judge issued a seventy-six-page written decision. The judge dismissed with prejudice Myers's counterclaims and third-party claims for breach of fiduciary duty, his demand for an accounting as premature, defamation, negligent misrepresentation, fraudulent concealment, breach of contract, breach of the covenant of good faith and fair dealing, violations of the Act, estoppel, malicious prosecution, improper elections, and

4

conspiracy.  Myers's assault claim was not dismissed.  A memorializing order was entered.

Defendant moved for reconsideration.  Before doing so, defendant contends it reiterated to Myers that the motion was unlikely to be granted.  By October 2018, Myers failed to pay defendant's legal fees, which defendant claimed caused the attorney-client relationship to irreparably breakdown.  On December 19, 2018, the judge denied Myers's motion for reconsideration.

Meanwhile, the plaintiffs in the Stonely matter filed an OTSC against Myers to hold him in contempt for violating the court order precluding him from having contact with them.  On December 27, 2018, defendant moved to withdraw as Myers's counsel.  While the motion was pending, Myers repeatedly requested defendant perform extensive legal work, including work beyond the scope of the parties' retainer agreement.  Despite the pending motion to withdraw, defendant continued to represent Myers, including appearing at two case management conferences with Judge Thomas C. Miller.  Myers did not file opposition to defendant's motion to withdraw.

On January 14, 2019, Judge Miller dismissed Myers's assault action and referred the other claims to Alternative Dispute Resolution (ADR).  Myers continued to request that defendant represent him during the ADR proceedings

A-2507-24

even though he acknowledged in writing such representation was not included in the retainer agreement. On January 25, 2019, defendant's motion to withdraw was granted. Myers wrote a letter to the judge expressing his objection to defendant's withdrawal. The judge declined to consider the letter because no formal motion was filed.

On October 27, 2020, the plaintiffs in the Stonely matter filed a motion to enforce litigant's rights based on Myers's continued violations of the restraints pursuant to the December 5, 2016 order. Myers filed opposition as a self-represented litigant. On November 20, 2020, Chris P. Corbitt, Esq., of the Corbitt Law Firm, filed a notice of appearance to represent Myers, which was partially granted, to allow Corbitt to represent Myers in opposition to the plaintiff's motion to enforce litigants rights in the Stonely matter. After a plenary hearing was conducted in the Stonely matter, Judge Miller granted the Stonely plaintiffs' motion and ordered Myers to pay counsel fees due to his violations of the restraints imposed.

Separately, on November 5, 2022, Myers filed a new action against the Association, Taylor, Griffin & Alexander, and Stark & Stark. On January 20, 2023, Judge Ballard granted the motions to dismiss filed by defendants, the Association, and Taylor. The judge ruled that Myers was "barred from bringing

6

any subsequent litigation arising out of the same facts and circumstances set forth in this as well as the various other Law Division and Chancery Court complaints cited in the moving papers." On May 19, 2023, the judge also dismissed Myers's claims against Griffin & Alexander and Stark & Stark because the firms did not owe duties to Myers as he did not have attorney-client relationships with the law firms. Myers has appealed from these rulings, which are pending in Myers v. The Bd. of Trs. Soc'y Hill at Bernards I Condo. Ass'n, Inc., A-3420-24.

After multiple years of inaction, Myers filed a motion as a self-represented litigant seeking reconsideration of all previous orders in the Stonely matter. On August 16, 2024, Judge Ballard again denied Myers's motion. Myers, for the third time, filed a motion for reconsideration of the judge's prior decisions, which were denied on November 8, 2024. On December 2, 2024, Myers moved to vacate the restraining order. Following oral argument, Judge Ballard denied the motion on February 3, 2025.

Separately, Myers also filed a declaratory judgment against the Greater New York Insurance Company (GNY) and New Jersey Manufacturers Insurance Company (NJM) alleging that they wrongfully denied Myers's liability coverage and indemnification for the costs incurred in the Stonely matter. GNY and NJM

7

filed a motion to dismiss the complaint, which the Judge Ballard granted. Judge Ballard found Myers was not entitled to insurance coverage for the <u>Stonely</u> matter by either company and therefore was not entitled to defenses or indemnification under the policies. Myers filed a motion for reconsideration, which was denied.

The Present Litigation

On August 24, 2024, Myers filed a ten-count complaint against defendant alleging: (1) legal malpractice; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) breach of fiduciary duty; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligence; (8) negligent misrepresentation; (9) promissory estoppel; and (10) fraudulent misrepresentation or common law fraud. Over the course of representation, Myers alleged he paid defendant $46,654.88.

On November 1, 2024, defendant moved to dismiss the complaint in lieu of filing an answer. On November 26, 2024, Myers submitted a proposed first amended complaint in opposition to the motion to dismiss. The record does not indicate Myers filed a motion for leave to file and serve a first amended complaint but simply included it in his opposing papers to defendant's motion to dismiss. On January 27, 2025, Myers filed a cross-motion to stay the three

A-2507-24

pending actions arguing a stay was necessary until all underlying cases were resolved. Defendant opposed Myers's cross-motion to stay.

On February 14, 2025, Judge Ballard heard oral argument on defendant's motion to dismiss and Myers's cross-motion to stay. Defendant argued that Myers failed to plead viable causes of action in both his complaint and his proposed first amended complaint, which the judge addressed notwithstanding its unfiled status.

Defendant argued that all of Myers's causes of action arose from the same factual background and alleged breach of duty by defendant dating back to the 2016 underlying action. Defendant also argued many of Myers's claims were barred by the statute of limitations. Specifically, defendant contended the negligence-based claims were barred by the two-year statute of limitations and expired in 2021, and Myers failed to plead how his "cognitive impairments and depressive disorder" prevented him from understanding his legal rights or when a cause of action accrued. Defendant asserted Myers had no basis to toll the statute of limitations as to any alleged counts.

Myers countered that his original and proposed first amended complaint alleged specific factual allegations establishing the elements for each of the claims and legal theories advanced. Regarding the statute of limitations, Myers

A-2507-24

argued if defendant's motion to dismiss was granted, he would be deprived of the right to pursue his claims, which "would be unfair." As to his cross-motion for a stay, Myers asserted it was necessary for the underlying litigation to be resolved first because certain "elements overlap," such as "legal expenses," with the legal malpractice claim. Myers added the "interest of fairness" and "avoiding unnecessary litigation" favored the entry of a stay.

Defendant responded that none of the three pending actions have any bearing on Myers's claims against it. Defendant pointed out the underlying case filed in 2016 had been adjudicated to finality, and Myers's untimely attempts to file renewed motions for reconsideration did not resurrect any claims. In addition, since all claims against defendant in those actions had already been dismissed, there was no reason to grant a stay. The judge reserved decision on the motion and cross-motion.

### The Judge's Decision

On March 12, 2025, Judge Ballard granted defendant's motion to dismiss the complaint and proposed first amended complaint without prejudice, and denied Myers's cross-motion to stay the other proceedings.

In his comprehensive written statement of reasons, the judge determined Myers failed to suggest a cause of action for legal malpractice against defendant

because he failed to satisfy the proximate cause element and did not plead any allegations as to how any "purported deviation from the standard of care" resulted in any damages to him. The judge found Myers's allegation that defendant violated multiple Rules of Professional Conduct (RPCs) alone did not create a cause of action for legal malpractice, citing Meisels v. Fox Rothschild LLP, 240 N.J. 286, 299 (2020).

As to Myers's breach of contract claim, the judge found Myers pled conclusory allegations that defendant breached three items in the parties' retainer agreement causing him to suffer "significant damages" as a result. The judge dismissed the breach of contract count on the basis that it was insufficiently pled to sustain a cause of action.

The breach of implied covenant of good faith and fair dealing cause of action was dismissed because the judge reasoned Myers failed to set forth any allegations that defendant acted in bad faith with the intent to deprive him of his reasonable expectations under the retainer agreement. The judge noted Myers failed to allege how attorney Marco M. Benucci's deciding to have another attorney from defendant's firm appear at a hearing in his place constituted "bad faith."

11

The judge dismissed the fiduciary duty count because Myers "simply" alleged defendant owed him a duty, it breached that duty, and he proximately suffered damages as a result. The judge noted these conclusory allegations "do[] nothing more than restate the language of a fiduciary duty cause of action."

The judge dismissed the intentional infliction of emotional distress count on the basis Myers failed to plead the requisite facts to demonstrate "extreme or outrageous conduct." Myers alleged he suffered "severe mental injuries," including "severe anxiety, [post-traumatic stress disorder], and depressive disorders." The judge concluded Myers did not allege facts showing conduct that "goes beyond all possible bounds of decency" to support an intentional infliction of emotional distress claim, as required by Griffen v. Tops Appliance City, Inc., 337 N.J. Super. 15, 22 (App. Div. 2001).

For similar reasons, the judge dismissed Myers's negligent infliction of emotional distress count. The judge reiterated Myers simply recited the elements of such a claim, which was insufficient to make out a claim for negligent infliction of emotional distress.

As to the negligence count, the judge reasoned this count was "replete with conclusory statements" that merely recited the elements of negligence unsubstantiated with the requisite facts. The judge noted the standard of care in

12

a negligence action is the reasonable person standard, which Myers failed to establish. The judge found Myers also did not allege any facts which would support a claim for injury or damages.

In dismissing Myers's negligent misrepresentation count, the judge found Myers failed to comply with Rule 4:5-8(a), which requires in such cases "particulars of the wrong, with dates and items if necessary," to be alleged with particularity. The judge held Myers did not include the required specificity and as pleaded, the elements of negligent misrepresentation were not met. Citing our decision in Carroll v. Cellco P'ship, 313 N.J. Super. 488, 502-05 (App. Div. 1998), the judge explained what is required under New Jersey law to prove a claim for negligent misrepresentation: (1) defendant negligently made an incorrect statement; (2) the plaintiff justifiably relied on the defendant's statement; and (3) the plaintiff was injured as a consequence of relying upon that statement. Id. at 502. Given Myers pled nothing more than that "defendant[] made numerous representations," which were "false" and relied upon by Myers, the judge dismissed this count.

As to the promissory estoppel count, the judge ruled Myers failed to establish he suffered a "definite and substantial detriment" by alleging Benucci assured him that it was in his "best interest to accept a plea with [a] civil

reservation instead of deal with the matter in civil court."  The judge cited the

necessary requirements for stating a claim for promissory estoppel:

> (1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that the promise[e] will rely thereon; (3) the promisee must in fact reasonably rely on the promise; and (4) detriment of a definite and substantial nature must be incurred in reliance on the promise.
>
> [Pop's Cones, Inc. v. Resorts Int'l. Hotel, Inc., 307 N.J. Super. 461, 469 (App. Div. 1998) (quoting Malaker Corp. Stockholders Protection Comm. v. First Jersey Nat'l Bank, 163 N.J. Super. 463, 479 (App. Div. 1978)).]

The judge dismissed the fraudulent misrepresentation or common law

fraud count, noting Rule 4:5-8(a) applies as to this count as well.  Myers alleged

Benucci "promised" to obtain discovery but "concealed and/or failed to disclose

the material fact that the discovery end date had expired."  According to Myers,

he would "have taken a different action had he known the representation was

false," and he suffered "out-of-pocket damages, benefit-of-the-bargain damages,

lost profits, lost opportunities, [and] nominal damage" as a result.

The judge emphasized that in order to state a claim for fraud, a plaintiff

must demonstrate:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge as to whether it is true or false; (4) with the intention of

A-2507-24

misleading another party into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

[Richie and Pat Bonvie Stables, Inc. v. Irving, 350 N.J. Super. 579, 589 (App. Div. 2002) (quoting GMH Assocs., Inc. v. The Prudential Realty Group, A.2d 889, 901 (Pa. Super. Ct. 2000)).]

The judge rejected Myers's argument that the applicable statutes of limitations should be tolled due to his disabling mental conditions, the discovery rule, and COVID-19. In his decision, the judge found Myers's tolling arguments, based on COVID-19 and caring for his special needs family ostensibly with inadequate support from the school district, made "little sense."

The judge denied Myers's cross-motion to stay this action as moot because he failed to state a claim for which relief can be granted as to each cause of action pled in his complaint and proposed first amended complaint. A memorializing order was entered. This appeal followed.

Before us, Myers primarily reprises the arguments he made before the judge. Myers argues the judge misapplied the legal standard under Rule 4:6-2(e), and his complaint and proposed first amended complaint contain specific facts to support each count alleged. Myers contends the proposed first amended complaint "cures any defects," his claims are not time-barred, the judge

misapplied the legal standard applicable for a stay and abused his discretion. We are unpersuaded.

## II.

A Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is reviewed de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). In considering a Rule 4:6-2(e) motion, "[the] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact." Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). The test for determining the adequacy of pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). The court must grant plaintiff "every reasonable inference of fact." Ibid.

"[A] complaint should not be dismissed" if "a cause of action is suggested by the facts." Pressler & Verniero, Current N.J. Court Rules, cmt. 4.1.1 on R. 4:6-2(e) (2026). "[H]owever, if the complaint states no basis for relief and discovery would not provide one, dismissal of the complaint is appropriate."

16

Ibid. To that end, the complaint must have more than conclusory allegations unsupported by facts. See Neuwirth v. State, 476 N.J. Super. 377, 390 (App. Div. 2023). "When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleading are true and afforded the pleader all reasonable inferences." Sparroween, LLC. v. Township of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Ibid. (quoting J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010)).

"Dismissals under Rule 4:6-2(e) are ordinarily without prejudice." Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022). However, "a dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' . . . or if 'discovery will not give rise to such a claim.'" Ibid. (first quoting Rieder v. State, 221 N.J. 547, 552 (App. Div. 1987); then quoting Dimitrakopoulos, 237 N.J. at 107).[2] We also conclude dismissal was warranted because prosecution of either complaint would be futile.

---

[2] Based on the circumstances of this case, we have reviewed the order as final and appealable as of right because it resolved all issues as to all parties. See

Rule 2:9-5(a) provides that "neither an appeal, nor motion for leave to appeal, nor a proceeding for certification, nor any other proceeding in the matter shall stay proceedings in any court in a civil action or summary contempt proceeding, but a stay with or without terms may be ordered in any such action or proceeding in accordance with [Rule] 2:9-5(b)." Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013) ("To evaluate an application for a stay, this Court in essence considers the soundness of the trial court's ruling and the effect of a stay on the parties and the public.").

Applications for a stay in a civil matter are governed by the standard outlined in Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982), that is

> [a] party seeking a stay must demonstrate that (1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the "relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were."

Rubin v. Tress, 464 N.J. Super. 49, 56 n.3 (App. Div. 2020) (explaining an order that "disposes of all issues as to all parties" may be appealable as of right, "depending on the circumstances"); see also Morris County v. 8 Court St. Ltd., 223 N.J. Super. 35, 38-39 (App. Div. 1988); R. 2:2-3(a).  Although the March 12, 2025 order does not state it is a final order, it effectively dismissed all of Myers's claims.

[Garden State Equal., 216 N.J. at 320 (quoting McNeil v. Legis. Apportionment Comm'n, 176 N.J. 484, 486 (2003) (LaVecchia, J., dissenting)).]

"When a case presents an issue of 'significant public importance,'" we must also "consider the public interest in addition to the traditional Crowe factors." Id. at 321 (quoting McNeil, 176 N.J. at 484).

To sustain a cause of action for legal malpractice, a plaintiff must show "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, (3) proximate causation of the damages claimed by the plaintiff." Jerista v. Murray, 185 N.J. 175, 190-91 (2005) (quoting McGrogan v. Till, 167 N.J. 414, 425 (2001)). In proving the first element of the attorney-client relationship, "the grounds on which any plaintiff may pursue a malpractice claim against an attorney with whom there was no attorney-client relationship are exceedingly narrow" and do not extend to adverse parties. Green v. Morgan Props., 215 N.J. 431, 458 (2013).

In proving the second element that a defendant lawyer breached a duty, plaintiff must set forth an affidavit of merit or expert testimony to establish the standard of care "[a]s 'the duties a lawyer owes to his client are not known by the average juror,' expert testimony must necessarily set forth that duty and

explain the breach." Buchanan v. Leonard, 428 N.J. Super. 277, 288 (App. Div. 2012) (quoting Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78 (App. Div. 2007)). In proving the third element, plaintiff must establish that defendant's conduct was a proximate cause of the loss claimed. Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996).

While "the RPCs set forth 'the minimum standard of competence governing the [legal] profession.'" Meisels, 240 N.J. at 299 (quoting Albright v. Burns, 206 N.J. Super. 625, 634 (App. Div. 1986)). Merely alleging an RPC violation, "standing alone, . . . does not create a cause of action for damages in favor of a person allegedly aggrieved by that violation." Ibid.; see also Sommers v. McKinney, 287 N.J. Super. 1, 13 (App. Div. 1996) ("Violation of the rules of professional conduct do[es] not per se give rise to the cause of action in tort.").

In proving element three, plaintiff must establish that defendant's conduct was a proximate cause of the loss claimed. Conklin, 145 N.J. at 418. Proximate cause is defined as "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." Ibid. (quoting Fernandez v. Baruch, 96 N.J. Super. 125, 140 (App. Div. 1967)); see also 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 487 (App. Div. 1994).

"[T]he client bears the burden of showing . . . 'what injuries were suffered as a proximate consequence of the attorney's breach of duty.'" Cortez v. Gindhart, 435 N.J. Super. 589, 604 (App. Div. 2014) (quoting 2175 Lemoine Ave. Corp., 272 N.J. Super. at 488).

A plaintiff must also prove damages, which requires that, "the client must demonstrate that he or she would have prevailed, or would have won materially more . . . but for the alleged substandard performance." Lerner v. Laufer, 359 N.J. Super. 201, 221 (App. Div. 2003). The measure of damages is ordinarily what the client would have obtained without the attorney's negligence. Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C., 179 N.J. 343, 358 (2004). We affirm substantially for the reasons set forth in Judge Ballard's statement of reasons. We add the following comments.

III.

The judge dismissed Myers's legal malpractice claim because he did not satisfy element three, proximate causation. Myers argues the proposed first amended complaint satisfied all the elements of legal malpractice. First, he maintains the proposed first amended complaint satisfies element one because he entered into a written contract with defendant on December 12, 2016, to serve

21

as counsel for the <u>Stonely</u> matter. Myers also contends he entered two oral contracts with defendant regarding representation in municipal court matters.

Second, Myers alleges the proposed first amended complaint satisfies element two because defendant committed numerous breaches of duty, including: failing to investigate and present evidence at the municipal and civil matters; failing to conduct discovery; filing a motion for reconsideration without Myers's consent; failing to keep him informed of; and abandoning him less than three weeks before trial. Finally, Myers alleges the amended complaint satisfies element three because defendant's breaches directly caused the following injuries: negative legal outcomes; financial losses; emotional distress; and lost opportunities. We disagree.

Even accepting all of the allegations as true, Myers did not sufficiently plead legal malpractice to survive a motion to dismiss. For example, Myers failed to establish specific examples of alleged legal malpractice by defendant and did not specify the proximate cause and resulting harm or damages suffered. Myers failed to allege defendant committed an actual wrong and thus cannot establish he sustained compensable harm. Therefore, we conclude the judge properly dismissed the legal malpractice claim.

A-2507-24

IV.

We next address dismissal of Myers's breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and negligence claims. Defendant points out these causes of action are redundant of Myers's legal malpractice claim because these claims amount to "alleging the negligent provision of legal services." Defendant's argument has merit.

In Charles A. Manganaro Consulting Eng'rs, Inc. v. Carneys Point Twp. Sewerage Auth., 344 N.J. Super. 343 (App. Div. 2001) we affirmed the dismissal of defendant's counterclaim when he attempted to raise a professional malpractice claim as a breach of contract. Id. at 349. We held that defendant's counterclaim rested on factual allegations that amounted to "professional malpractice," which "will require expert testimony to prove." Ibid.

In Cortez, we affirmed the trial court chose not "substantively adjudicate" plaintiff's claims of breach of contract and breach of fiduciary duty because they were subsumed by the legal malpractice claim. 435 N.J. Super. at 607. The court found plaintiff failed to allege a claim of legal malpractice, and then he attempted to raise the same underlying factual allegations to assert claims of breach of contract and breach of fiduciary duty. Id. at 600-07. Specifically, plaintiff argued defendant "breached the contract by failing to provide

23

competent and effective legal services and breaching the covenant of good faith and fair dealing" by "improperly bill[ing] plaintiff for legal services." Id. at 607.

We affirmed the trial court's denial of those claims holding "[e]ven if we were to accept Cortez's characterization of these allegations as not being subsumed in the legal malpractice claim, he nevertheless" failed "to demonstrate that a genuine issue of fact existed as to his claims." Ibid. Therefore, we affirmed the trial court's finding without entirely relying on the premise that the remaining claims were subsumed into the legal malpractice claim. Ibid.

Based upon our de novo review, we conclude Myers's remaining claims are subsumed into his legal malpractice claim because they all stem from the underlying legal malpractice factual allegations. Id. at 597, 607. Therefore, on this basis, we affirm dismissal of the complaint and proposed first amended complaint. However, for the sake of completeness, we will address Myers's other claims on their merits.

## Breach of Contract

Myers further contends that his proposed first amended complaint contained the specific facts which support a valid claim for breach of contract. To sufficiently plead its breach of contract claim, a plaintiff must show (1) "the

24

parties entered into a contract containing certain terms;" (2) "plaintiff[] did what the contract required [it] to do;" (3) "defendant[] did not do what the contract required [it] to do;" and (4) "defendant['s] breach, or failure to do what the contract required, caused a loss to . . . plaintiff[]." Goldfarb v. Solimine, 245 N.J. 326, 338 (2021) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016)). To prevail on a breach of contract claim, the plaintiff must prove these elements by a preponderance of the evidence. Globe Motor Co., 225 N.J. at 482.

In order to prove element one, plaintiff must prove the existence of a contract. Goldfarb, 245 N.J. at 339. "'[T]he basic features of a contract' are 'offer, acceptance, consideration, and performance by both parties.'" Ibid. (alteration in original) (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 439 (2013)). "Basic contract principles render a promise enforceable against the promisor if the promisee gave some consideration for the promise." Martindale v. Sandvik, Inc., 173 N.J. 76, 87 (2002). "The essential requirement of consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance, or the creation, modification, or destruction of a legal relation." Shebar v. Sanyo Bus. Sys. Corp., 111 N.J. 276, 289 (1988).

Myers argues element one, the existence of a contract, was satisfied in three ways: a December 12, 2016 written agreement; a November 17, 2016 oral

agreement with Kevin Hewitt, Jr., one of defendant's attorneys; and an April 24, 2017 oral agreement with Benucci. Myers argues that he performed the contract by paying defendant for its legal services. Myers further alleges that defendant breached the contract by its "failure to comply with a fee dispute clause," "failure to comply with a termination clause," "failure to comply with an incapacitation/unavailability clause," and two failure "to fulfill the oral contract." As a result, Myers alleges he "suffered significant damage," "mental injuries," "financial losses," "emotional distress," "lost opportunities," and "legal consequences."

Defendant counters that the judge properly dismissed Myers's breach of contract claim because his "complaint fail[ed] to set forth any allegations as to how the alleged breaches caused plaintiff's damages." Defendant maintains Myers's claims are "unsupported conclusory allegations," which are "directly refuted" by Benucci's certification in support of his motion to withdraw as counsel, which explained that Benucci communicated to Myers his right to fee arbitration. Benucci also certified he advised Myers of the incapacity/unavailability provision in the contract, which provided a junior attorney at defendant's firm could handle "critical proceedings," including the July 20, 2018 summary judgment hearing plaintiff addresses.

26

Based upon our de novo review, we conclude the judge properly dismissed Myers's breach of contract claim, which relied on conclusory allegations. The record supports that determination.

<u>Breach of the Covenant of Good Faith and Fair Dealing</u>

All "contract[s] contain[] an implied covenant of good faith and fair dealing." <u>Wade v. Kessler Inst.</u>, 172 N.J. 327, 340 (2002). The implied covenant of good faith and fair dealing signifies that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." <u>Sons of Thunder, Inc. v. Borden, Inc.</u>, 148 N.J. 396, 421 (1997) (quoting <u>Palisades Props., Inc. v. Brunetti</u>, 44 N.J. 117, 130 (1965)).

"Although the implied covenant of good faith and fair dealing cannot override an express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." <u>Wade</u>, 172 N.J. at 341. "Bad motive or intention is essential" to finding a breach of the covenant. <u>Wilson v. Amerada Hess Corp.</u>, 168 N.J. 236, 251 (2001). But "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." <u>Wade</u>, 172 N.J. at 341 (quoting <u>Wilson</u>, 168 N.J. at 251).

27

In Wade, the plaintiff's termination was governed by an express term in an employee manual, and the plaintiff's allegation that she was dismissed without just cause "in effect rais[ed] the question whether defendant's firing of plaintiff constituted a breach of the manual's discharge provision." Id. at 344. The Court thus held that the "jury should have resolved that question within the framework of an alleged breach of a literal term, not as a violation of the implied covenant." Ibid.

Myers asserts defendant violated the implied covenant of good faith and fair dealing by "failing to keep [him] informed," "misrepresenting the terms of the contract," "failing to order transcripts," "coercing [him] to accept a plea agreement," "abandoning him as a client," "failing to expedite litigation," and "failing to turn over case files." Myers also argues Benucci "evaded the terms of the contract" and "failed to protect his client's interests." Finally, Myers asserts these purported acts of bad faith caused him financial losses in the form of his payment for "substandard" legal representation, "emotional distress," "lost opportunities," and "legal consequences."

The judge properly dismissed Myers's claim for breach of covenant of good faith and fair dealing because his reliance on the same conclusory allegations as alleged in his breach of contract are similarly insufficient. Myers

28

failed to establish that defendant "acted in bad faith with the intent to deprive [him] of his reasonable expectation under the contract." See Wilson, 168 N.J. at 251-52. As a result, the judge properly dismissed Myers's claim for breach of implied covenant of good faith and fair dealing.

Breach of Fiduciary Duty

Myers next argues that he properly pled a claim of a breach of fiduciary duty in his proposed first amended complaint.

> Under New Jersey law, in order to establish a claim for breach of fiduciary duty, a plaintiff must show that: (1) the defendant had a duty to the plaintiff; (2) the duty was breached; (3) injury to the plaintiff occurred as a result of the breach; and (4) the defendant caused that injury.
>
> [Namerow v. PediatriCare Associates, LLC, 461 N.J. Super. 133, 146 (Ch. Div. 2018).]

On appeal, Myers argues that defendant had a fiduciary duty to him stemming from its legal representation and breached its duty by failing to provide adequate legal services. Myers sets forth several allegations of purported substandard legal services that he contends rise to the level of a breach of fiduciary duty, including: a failure to expedite litigation, an improper "partial motion to dismiss" on March 31, 2017, "coercing" Myers to accept a plea agreement, withdrawing before trial, failing to notify him of a hearing, failing

29

to turn over case files, making damaging statements to the court, neglecting post-withdrawal duties, failing to advise him, and violating the duty of loyalty.

The judge properly found that Myers failed to plead more than "conclusory allegations" and restatements of the elements of the cause of action "with no factual support." Moreover, the pleadings are devoid of any allegations regarding proximately caused damages. Thus, the judge properly dismissed the breach of fiduciary duty claim.

Intentional Infliction of Emotional Distress

To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must prove that: "(1) defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct proximately caused plaintiff's emotional distress; and (4) the emotional distress was 'so severe that no reasonable [person] could be expected to endure it.'" Johnson v. City of Hoboken, 476 N.J. Super. 361, 375 (App. Div. 2023) (alteration in original) (quoting Ingraham v. Ortho-McNeil Pharm., 422 N.J. Super. 12, 20 (App. Div. 2011)). A defendant acts intentionally when he or she intends "both to do the act and to produce emotional distress." Ingraham, 422 N.J. Super. at 19 (quoting Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988)). A defendant may also be liable when he or she "acts recklessly in

deliberate disregard of a high degree of probability that emotional distress will follow." Ibid. (quoting Buckley, 111 N.J. at 366).

Myers argues that Benucci committed intentional or reckless conduct by: withdrawing as counsel less than three weeks before trial, pressuring Myers regarding fees, writing a letter to the judge on January 31, 2019, and responding dismissively to his "suicidal thoughts." Myers further contends that Benucci acted "extremely and outrageously" by failing to notify Myers of the January 25, 2019 hearing and providing the court with information about Myers that "cast" him in a "negative light." Myers argues these acts resulted in his mental distress, professional setbacks, strained family relationships, medical leave, and outpatient treatment.

Giving Myers the benefit of "every reasonable inference of fact," we agree with the judge that he has not sufficiently pled the requirements for a claim of intentional infliction of emotional distress to survive a motion to dismiss. Baskin, 246 N.J. at 171. Importantly, Myers has failed to allege conduct that arises to "extreme and outrageous" level and also has failed to establish how such conduct was the proximate cause of any damage he suffered. Consequently, the judge properly dismissed Myers's claim for intentional infliction of emotional distress.

31

<u>Negligent Infliction of Emotional Distress</u>

Myers also contends that his proposed first amended complaint set forth the specific facts which support a valid claim for negligent infliction of emotional distress. To establish a claim of negligent infliction of emotional distress, a plaintiff must prove that: "(1) defendant owed a duty to plaintiff; (2) defendant breached that duty; (3) plaintiff suffered severe emotional distress; and (4) defendant's breach proximately caused plaintiff's emotional distress." <u>Johnson</u>, 476 N.J. Super. at 375-76 (citing <u>Dello Russo v. Nagel</u>, 358 N.J. Super. 254, 269 (App. Div. 2003)). "Whether the defendant has a duty of care to the plaintiff depends on whether it was foreseeable that the plaintiff would be seriously, mentally distressed." <u>Dello Russo</u>, 358 N.J. Super. at 269-70.

Myers argues that defendant is liable for negligent infliction of emotional distress because Benucci owed him a duty as his attorney, breached this duty, and thus is liable for any resulting damages. Similar to his previous arguments, Myers avers that Benucci failed to expedite litigation, abandoned him as a client, failed to notify him, failed to turn over files, and improperly withdrew from litigation. As a result, Myers contends he suffered suicidal thoughts, long-term psychological impact, exacerbation of mental health conditions, and legal ramifications. Again, we are unpersuaded.

We are convinced the judge properly dismissed Myers's negligent infliction of emotional distress claim because he failed to demonstrate how the purported damages were connected to the allegations. In short, Myers merely alleged conclusory allegations and nothing to establish proximate cause, warranting dismissal.

Negligence

To establish a claim for negligence, a plaintiff bears the burden of establishing the four following elements: "(1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). "A 'plaintiff bears the burden of establishing those elements by some competent proof.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Davis, 219 N.J. at 406).

Myers alleges Benucci was negligent when he failed to act as a reasonable attorney would under similar circumstances. Myers reiterates the same allegations as in previous counts: Benucci failed to back-up client files, failed to expedite litigation, missed deadlines, failed to notify Myers of a hearing, and failed to turn over case files. Myers alleges that Benucci, as his attorney, had a duty of care and these breaches establish "causation" in the form of delays and

additional costs, negative legal outcomes, and an exacerbation of emotional distress. As a direct result of these alleged breaches, Myers contends he suffered financial losses, emotional distress and lost career advancement opportunities.

Again, we hold the judge did not err in dismissing Myers's negligence claim because he failed to demonstrate a proximate causation between the alleged breaches from the standard of care and damages. Myers conflates additional damage claims with proximate cause and conclusory allegations. On this record, we conclude the negligence claim was properly dismissed.

Negligent Misrepresentation

Under New Jersey law, a plaintiff asserting a cause of action for negligent misrepresentation must show that (1) the defendant made a statement of a past or existing fact that was incorrect; (2) the statement was made negligently; (3) the statement was justifiably relied upon by the plaintiff; (4) the misrepresentation must be the proximate cause of the plaintiff's damages; and (5) plaintiff must have suffered actual losses as a result of plaintiff's reliance on the misrepresentation. Mason v. Levine, 382 N.J. Super. 181, 187 (App. Div. 2005) (citing Kaufman v. i-Stat Corp., 165 N.J. 94, 109 (2000)). Scienter, or knowledge of the falsity of the representation, is not required as an element of negligent misrepresentation. Kaufman, 165 N.J. at 110.

There is overlap between negligent misrepresentation and fraudulent misrepresentation, as an "[i]ncorrect statement and misstatement of fact are elements of both common law fraud and negligent misrepresentation." Union Ink Co. v. AT&T Corp., 352 N.J. Super. 617, 645 (App. Div. 2002) (citing Kaufman, 165 N.J. at 109). Moreover, "[t]he element of reliance is the same for fraud and negligent misrepresentation." Kaufman, 165 N.J. at 109. Under both, a plaintiff's reliance on an alleged misrepresentation "must be actual, as well as justifiable." Walid v. Yolanda for Irene Couture, Inc., 425 N.J. Super. 171, 181 (App. Div. 2012).

In Myers's negligent misrepresentation count, he alleges Benucci made several false statements pertaining to his representation of Myers, including promises to obtain discovery, misrepresentation of deadlines, misrepresentation of legal strategy. Myers alleges these failures demonstrated failures to act with reasonable care, which Myers relied upon, and caused Myers direct damages, including financial losses as stated. But the record clearly shows again that Myers merely recited the elements of negligent misrepresentation and failed to allege which representations were made recklessly or knowingly. Further, Myers failed to demonstrate how he relied on these representations or how they were the proximate cause of any damages.

The judge duly found that Myers failed to demonstrate negligent misrepresentation because he failed to comply with Rule 4:5-8(a), and dismissal of this count was appropriately granted.

Promissory Estoppel

Under New Jersey law, promissory estoppel requires a plaintiff to allege: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." Goldfarb, 245 N.J. at 339-40 (quoting Toll Bros., Inc v. Bd. of Chosen Freeholders of Burlington, 194 N.J. 223, 253 (2008)). Promissory estoppel is "'a departure from the classic doctrine of consideration that the promise and the consideration must purport to be the motive each for the other,' providing that the operative 'reliance is on a promise.'" Id. at 340 (quoting Friedman v. Tappan Dev. Corp., 22 N.J. 523, 536 (1956)). Unlike a breach of contract claim, a plaintiff need not prove the existence of an enforceable contract. Id. at 341. "The essential justification for the promissory estoppel doctrine is to avoid the substantial hardship or injustice which would result if a clear and definite promise were not enforced." Pop's Cones, Inc., 307 N.J. Super. at 469.

Here, Myers contends that "Benucci promised to obtain discovery if Myers accepted a plea [agreement,] but failed to do so," on May 12, 2017. Further, Myers maintains that on July 17, 2017, Benucci "assured Myers of continued support," but filed a motion to withdraw as counsel regardless on December 27, 2018. Finally, Myers contends that "Benucci pledged to order transcripts for reconsideration or appeal," yet failed to do so. Myers argues that he relied on these promises and suffered financial losses, emotional distress, and legal consequences as a result. The judge found Myers's allegations were devoid of facts necessary to state a claim for promissory estoppel. We agree and note Myers failed to allege any of the necessary reliance damages required to prosecute a promissory estoppel claim.

Fraudulent Misrepresentation or Common Law Fraud

Myers further contends Benucci's conduct amounted to fraudulent misrepresentation, or alternatively, common law fraud. Fraudulent misrepresentation occurs when an individual purports to represent a fact when it is in fact false. Jewish Ctr. of Sussex Cnty. v. Whale, 86 N.J. 619, 624 (1981). To succeed "on a common law fraud claim, plaintiff must show that defendant: (1) made a representation or omission of a material fact; (2) with knowledge of its falsity; (3) intending that the representation or omission be relied upon; (4)

which resulted in reasonable reliance; and that (5) plaintiff suffered damages." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 336 (App. Div. 2013); see also Gennari v. Weichert Co. Realtors, 148 N.J. 582, 607 (1997).

"Equitable fraud is similar to legal fraud," but "the plaintiff need not establish the defendant's scienter." Ibid. A "defendant's scienter" is the "defendant's knowledge of the falsity and intent to obtain an undue advantage." Ibid. "[P]laintiff must prove each element by 'clear and convincing evidence.'" Ibid. (quoting Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989)). Additionally, "Rule 4:5-8(a) requires that fraud be pled in the particulars." Piscitelli v. Classic Residence by Hyatt, 408 N.J. Super. 83, 116 (App. Div. 2009). Rule 4:5-8(a) states "[i]n all allegations of misrepresentation, fraud, mistake, breach of trust, willful default or undue influence, particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."

Governed by these standards, the judge properly dismissed Myers's fraudulent misrepresentation or common law fraud count. We have searched Myers's complaint and proposed first amended complaint in depth and with liberality and cannot glean the "fundament of a cause of action" on this count as

38

mandated by the <u>Printing Mart-Morristown</u> Court, 116 N.J. at 746; <u>see also</u> <u>R.</u> 4:5-8(a). A claim for fraudulent misrepresentation or common law fraud is not "suggested." <u>Ibid.</u> Therefore, Myers's fraudulent misrepresentation or common law fraud count was duly dismissed.

V.

We reject Myers's contention that his claims are not time-barred. Myers challenges the judge's decision finding the statute of limitations was not tolled in light of his disabling mental condition, the discovery rule, and COVID-19. Myers reprises these same arguments before us.

Contract claims, including legal malpractice, breach of contract, fraudulent misrepresentation, and implied covenant of good faith and fair dealing, promissory estoppel, breach of fiduciary duty, and negligent misrepresentation are governed by N.J.S.A. 2A:14-1, which imposes a six-year statute of limitations. N.J.S.A. 2A:14-1; <u>see</u> <u>McGrogan</u>, 167 N.J. at 416-17; <u>see also</u> <u>Balliet v. Fennell</u>, 368 N.J. Super. 15, 20 (App. Div. 2004). Personal injury claims, however, have a two-year statute of limitations. N.J.S.A. 2A:14-2. Therefore, Myers's negligent infliction of emotional distress, intentional infliction of emotional distress, and negligence claims are governed by the two-year statute of limitations. <u>Ibid.</u>

Applying these principles to the matter before us, we agree with the judge that Myers failed to set forth any factual allegations to support tolling the statute of limitations. To carry out the Legislature's aims, courts enforce limitations statutes in a strict manner. The statutes may be equitably tolled only in rare situations, such as where a plaintiff lacked sufficient information to have reason to know that he or she had a basis for a claim. See Lopez v. Swyer, 62 N.J. 267, 274 (1973), or where a defendant is outside the jurisdiction of the New Jersey courts or cannot be located with reasonable diligence. See Crespo v. Stapf, 128 N.J. 351, 363 (1992).

None of Myers's proffered reasons fall under the ambit of our jurisprudence. Moreover, the judge dismissed Myers's negligence and contract-based claims on substantive grounds. Therefore, the judge did not err in rejecting Myers's tolling argument.

## VI.

Finally, we address Myers's argument that the judge improperly denied his cross-motion for a stay pending resolution of the underlying action. According to Myers, the resolution of the underlying and related cases would probably affect the outcome of the matter under review. Defendant counters Myers's claims arise exclusively from the Stonely matter because it and Benucci

did not represent Myers in the other two cases pending in the Law Division, and therefore cannot be held liable.

Rule 2:9-5(a) provides that "neither an appeal, nor motion for leave to appeal, nor a proceeding for certification, nor any other proceeding in the matter shall stay proceedings in any court in a civil action or summary contempt proceeding, but a stay with or without terms may be ordered in any such action or proceeding in accordance with Rule 2:9-5(b)."

Myers failed to satisfy the Crowe factors. And, he has not demonstrated a significant public interest—in addition to the traditional Crowe factors—is presented. Garden State Equal., 216 N.J. at 321 (quoting McNeil, 176 N.J. at 484). Myers's argument on appeal that a stay is required to "avoid concurrent piecemeal litigation" and "ensure judicial efficiency and fairness" is unavailing. The judge made a sound ruling in denying Myers's cross-motion for a stay.

Finally, we discern no "extreme bias" or "significant legal errors" in Judge Ballard's decision. Moreover, the judge did not violate any ethical standards in adjudicating the motions.

We conclude Myers's remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2507-24